UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUAN ISAAC PEÑA-ARGUMEDO,<br>Petitioner(s),<br>v.<br>WARDEN, et al.,<br>Respondent(s). | CASE NO. C26-4437-KKE<br><br>ORDER GRANTING UNOPPOSED HABEAS PETITION |

Petitioner has been detained since September 8, 2026, and Petitioner filed a petition for a writ of habeas corpus under 28 U.SC. § 2241. Dkt. No. 1. His petition argues that the statutory basis for his detention without an individualized custody determination is unclear. *Id*. at 34–38. He also argues that he was arrested without a warrant and that his prior removal order has not been reinstated, and that his detention has become punitive due to a shoulder impairment that is not being appropriately treated in detention. *Id*. Petitioner requests that the Government[1] be ordered to release him from detention on reasonable conditions of supervision, and to coordinate with his counsel and wife to facilitate his safe return to the Spokane, Washington area. *Id*. at 11, 39.

The Court issued a scheduling order instructing Respondent to "show cause why the writ of habeas corpus should not be granted[.]" Dkt. No. 4 at 1. The Government filed a return indicating a lack of opposition "to a bond hearing before an immigration judge" and asking that

[1] This order refers to the federal Respondents as "the Government."

the Court "decide whether a writ should be granted based on the Petition and related filings." Dkt. No. 8. The return does not contain legal argument or any factual assertions. *Id.*

"In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal ... we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified). Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).

Here, Petitioner's arguments in favor of release have been accepted by numerous courts in this Circuit, including this one. *See, e.g.*, *Alvarez v. Warden Nw. ICE Processing Ctr.*, No. C26-3837-KKE, 2026 WL 3121385, at *4 (W.D. Wash. Oct. 19, 2026) (granting habeas petition where the government failed to produce evidence that petitioner's prior removal order was properly reinstated). Although the Government explicitly concedes that Petitioner is entitled to a bond hearing, it failed to offer any reason why Petitioner is not entitled to release. The Government has full access to the relevant facts concerning Petitioner's detention, yet has offered no factual or legal basis to rebut his petition. Under these circumstances, "the Court is not duty-bound to go find a reason for them—indeed the party presentation principle requires it to do the opposite." *Charles Alexander Ponzon Deroy v. Warden*, No. 5:26-CV-05972-BFM, 2026 WL 3132157, at *2 (C.D. Cal. Oct. 19, 2026). And the Government's election not to oppose the petition constitutes forfeiture of the arguments it *could* have made. *Id.* (citing *Martinez v. Sessions*, 873 F.3d 655, 660 (9th Cir. 2017) ("The government does not offer any argument on the merits of this petition; therefore, it has waived any challenge to the arguments [the opposing party] raised.")). Because the Government has declined to present a defense in this case, the Court construes the habeas

petition as intentionally unopposed and finds that the Government has waived any challenge to the arguments raised in the petition. *See Carrillo v. Mullin*, No. 5:26-cv-05229-SK, 2026 WL 2815883 (C.D. Cal. Sep. 18, 2026). As many other courts have found in such circumstances, the petition should be granted based on the Government's "failure to oppose the primary relief sought." *Ponzon Deroy*, 2026 WL 3132157, at *2; *see also id.* ("As such, the Court need not decide whether it agrees with the merits of Petitioner's claims in all respects; it simply acknowledges that his claim that his detention is without lawful authority is unrefuted.").

In sum, the Government has failed to meet its burden to show cause why the writ of habeas corpus should not be granted. The Court therefore GRANTS the unopposed petition (Dkt. No. 1) and ORDERS that Petitioner shall be released from detention no later than November 24, 2026, on reasonable terms of supervision. The Government is also ORDERED to, as requested in the petition, coordinate with Petitioner's counsel and family to facilitate Petitioner's safe return home. The Government shall file a status report no later than November 30, 2026, confirming Petitioner's release in compliance with this order.

Dated this 23rd day of November, 2026.

Kymberly K. Evanson
United States District Judge